

The Law Offices of
ONAODOWAN & DELINCE

Esere J. Onaodowan, Esq.
eonaodowan@gmail.com  t 646.375.2119  c 718.427.3139

Christine Delince, Esq.
cdelince@eocdlaw.com  t 646.375.2117  c 917.238.9332

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 21 2020

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

FEB 2 1 2020

SO ORDERED
A bail hearing is scheduled for February 26, 2020 at 10:45 a.m.

*George B. Daniels*
HON. GE... ...LS

Re: U.S. v. Jose Rodriguez
Dkt: S3 20 Cr. 57

Dear Judge Daniels,

    I am the CJA attorney appointed to represent Jose Rodriguez. I write to request bail for Mr. Rodriguez. The government has previously indicated that it opposes bail.

    Mr. Rodriguez is charged in three counts of the above referenced indictment. He is charged with participating in a racketeering conspiracy (Count One), conspiracy to distribute narcotics (Count Twenty), and possessing, using, and carrying firearms in furtherance of the narcotics trafficking conspiracy (County Twenty-One).

<u>Statutory Factors</u>

    While the indictment itself may establish reasonable cause to believe a crime was committed, along with the video surveillance the government has, the legislative history of the Bail Reform Act was to limit detention to a narrow category of defendants:

> Under the statutory scheme set forth in the Bail Reform Act, "it is only a limited group of offenders who should be denied bail pending trial." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir.2007) (citations and quotations omitted). Yet, the law reflects "the deep public concern ... about the growing problem of crimes committed by persons on release and the recognition that there is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent



Esere J. Onaodowan, Esq.
eonaodowan@gmail.com  t 646.375.2119  c 718.427.3139

Christine Delince, Esq.
cdelince@eocdlaw.com  t 646.375.2117  c 917.238.9332

release conditions nor the prospect of revocation of release can reasonably assure the safety of the community." *United States v. Chimurenga, 760 F.2d 400, 403 (2d Cir.1985)* (quotations omitted). "Congress has determined that [w]hen there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *Id.* (quotations omitted).

While we recognize that this is a presumption case, we believe this presumption can be overcome due to the nature and characteristics of Mr. Rodriguez.

There is no *per se* rule requiring the detention of a defendant pending trial who is charged in a racketeering conspiracy, and who, according to the government, played a high ranking role in a criminal enterprise. The court's decision must be based upon "a fact-intensive analysis of the quality and quantity of the evidence produced at the bail hearing in determining the defendant's role in the violent RICO enterprise alleged, and whether the acts committed by the enterprise, combined with one's leadership role within the enterprise, justified pretrial detention." *See United States v. Ciccone, 312 F.3d 535, 543 (2d Cir.2002)*. Mr. Rodriguez's detention requires the analysis of several statutory factors, including the nature and circumstances of the charged offense, the weight of the evidence, the nature and characteristics of Mr. Rodriguez, and the nature and seriousness of the risk to the community. (18 U.S.C. §3142[g]).

Proposed Bail Package

It is important to note that Pre-Trial Services has recommended a bail package for Mr. Rodriguez. The defense proposes a personal recognizance bond of $100,000 signed by four financially responsible people, home detention with electronic monitoring, travel restricted to the Southern and Eastern Districts of New York and the District of New Jersey, surrender all travel documents and make no new applications, strict pretrial supervision, and drug testing and treatment as directed by pretrial services.

Nature and Characteristics

Mr. Rodriguez is a twenty-seven year old young man with absolutely no criminal record. After graduating high school, he attended APEX Technical School and became a licensed


The Law Offices of

ONAODOWAN & DELINCE

Esere J. Onaodowan, Esq.
eonaodowan@gmail.com  **t** 646.375.2119  **c** 718.427.3139

Christine Delince, Esq.
cdelince@eocdlaw.com  **t** 646.375.2117  **c** 917.238.9332

electrician. At the time of his arrest, Mr. Rodriguez was living with a roommate and had two verifiable employments. He worked full time as an electrician, a job he had for approximately five years, and he worked part –time installing surveillance cameras in fast food chains, a job he had for approximately two years.

As one of five children, Mr. Rodriguez has a very strong and supportive family. All four proposed co-signers are likely to qualify as financially responsible. They are his mother, his father, his sister and his roommate. All four of these individuals are gainfully employed and have been for many years.

### Conclusion

We respectfully request that bail be granted to Mr. Rodriguez. We are also prepared to supplement this letter motion with an oral application, and ask that the court permit a bail hearing to take place at the conference scheduled for Wednesday February 26 at 10:45am, or any other date that is convenient for the Court and the government.

DATED:   NEW YORK, NEW YORK
         February 21, 2020

RESPECTFULLY SUBMITTED,

*[signature]*

Christine Delince, Esq.